```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

JANE DOE,                          )
     Plaintiff,                    )
                                   )
          v.                       )    C.A. No. 14-11839-MLW
                                   )
ACCESS INDUSTRIES, INC.            )
     Defendant.                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       September 29, 2015

I.   BACKGROUND

Plaintiff Jane Doe alleges the following. She is a Massachusetts resident. Mass. Super. Ct. Compl., ¶1 (the "Complaint"). Access Industries, Inc. ("Access") is a New York corporation that had an office in Cambridge, Massachusetts in 2012. Id., ¶2. Access employed Doe in that office. Id., ¶3.

In October 2012, Doe attended a "professional conference" in California at the direction of Access. Id., ¶4. While there, she was sexually assaulted. Id., ¶5. Following this incident, Doe sought workers' compensation from Access, but learned that Access did not have workers' compensation coverage for its Massachusetts employees. Id., ¶8. On January 24, 2014, Doe brought this case in the Middlesex County Superior Court of the Commonwealth of Massachusetts. She asserts one cause of action against Access pursuant to Massachusetts General Law

c. 152, §66, alleging that Access is strictly liable for her injuries.

Access removed this case to this court on April 14, 2014, based on diversity jurisdiction under 28 U.S.C. §1332. See Notice of Removal, ¶3. Ten days later, Access filed a Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration. Doe then filed a Motion to Remand on April 28, 2014, asserting that her claim "arises under" Massachusetts's workers' compensation laws and, therefore, that 28 U.S.C. §1445(c) bars removal.

II. LEGAL STANDARDS

   A. Massachusetts Workers' Compensation Law

Massachusetts workers' compensation law provides employees with compensation for injuries sustained in the course of employment. Most employers in Massachusetts are required to provide workers' compensation insurance. See Truong v. Wong, 775 N.E.2d 405, 407 (Mass. App. Ct. 2002). If an employer complies with this requirement, then workers' compensation is generally the employee's "exclusive remedy" for workplace injuries. Maxwell v. AIG Domestic Claims, Inc., 950 N.E.2d 40, 53 (Mass. 2011).

However, when an employer who is required to provide workers' compensation insurance does not do so, an employee "may sue the employer in a civil action for the full scope of tort

2

damages" pursuant to Massachusetts General Laws chapter 152, sections 66 and 67. Id.; see also LaClair v. Silberline Mfg. Co., 393 N.E.2d 867, 870 (Mass. 1979). Section 66 provides, in full, that:

> Actions brought against employers to recover damages for personal injuries or consequential damages sustained within or without the commonwealth by an employee in the course of his employment or for death resulting from personal injury so sustained shall be commenced within twenty years from the date the employee first became aware of the causal relationship between the disability and his employment. In such actions brought by said employees or by the Workers' Compensation Trust Fund pursuant to the provisions of subsection (8) of section sixty-five, it shall not be a defense:
>
>> 1.  That the employee was negligent;
>>
>> 2.  That the injury was caused by the negligence of a fellow employee;
>>
>> 3.  That the employee had assumed voluntarily or contractually the risk of the injury;
>>
>> 4.  That the employee's injury did not result from negligence or other fault of the employer, if such injury arose out of and in the course of employment.

M.G.L. c. 152, §66. The subsequent section provides, in relevant part, that:

> Section sixty-six shall not apply to actions to recover damages for personal injuries received by employees of an insured person or a self-insurer.

Id., §67. In other words, an employee "may bring a tort action against an employer for work-related injuries under §66's

3

generous strict liability standard only if his employer did not obtain workers' compensation insurance as required by law." Pena v. Geszpenc, 14 Mass. L. Rptr. 637, at *2 (Mass. Super. Ct. June 11, 2002) (citing LaClair, 393 N.E.2d at 870).

    B.   Federal Jurisdiction and Removal Law

A defendant in a state court case may remove the case to a United States District Court if the federal court would "have original jurisdiction." 28 U.S.C. §1441(a). Therefore, removal is authorized where there is, among other things, diversity jurisdiction. A district court has diversity jurisdiction where, as here, the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. §1332(a).

The removing party has the burden of establishing jurisdiction. BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997). Further, "[t]he removal statute is strictly construed, and any doubts about the propriety of removal are resolved in favor of remand to the state forum." In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 327 (D. Mass. 2015); see also Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA, 779 F.3d 214, 218 (3d Cir. 2015); Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014); 14C Charles Alan Wright et al., Federal Practice and Procedure §3739 (4th ed. 2015) ("[A] great many cases can be cited for the

4

proposition that if federal subject-matter jurisdiction over a removed case is doubtful, the case should be remanded to state court.").

A federal statute limits the extent to which certain state law actions can be removed to federal court. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. §1445. Federal law determines whether a plaintiff's cause of action "arises under" a state's workers' compensation laws. See Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir. 1995). In defining "arising under" in this context, courts have examined how that term has been interpreted in the context of the general federal jurisdiction statute, 28 U.S.C. §1331. See Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 202-03 (6th Cir. 2004); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245-46 (8th Cir. 1995); Spearman, 16 F.3d at 725; Jones, 931 F.2d at 1092; cf. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (explaining that "[l]inguistic consistency" counsels for applying §1331 precedents to another statutory use of the term "arising under").

For the purposes of §1331, a cause of action arises under federal law in one of two ways. See Gunn, 133 S. Ct. at 1064. First, "a case arises under federal law when federal law creates

5

the cause of action asserted." Id. Second, a state-law cause of action arises under federal law where the cause of action "turn[s] on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

Therefore, §1445(c) bars removal "when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." Harper, 392 F.3d at 203; cf. Gunn, 133 S. Ct. at 1064.

III. ANALYSIS

Doe brings her claim "[p]ursuant" to §66. Compl., ¶12. Doe argues that, although she "is allowed to pursue tort damages," her claim is not a tort claim "but is instead an action that is created by a workers' compensation statute." Pl.'s Mem. in Support of Mot. to Remand at 4. Access contends, in contrast, that Doe's claim is a common-law tort action, which §66 merely alters. Def.'s Mem. in Opp. to Pl.'s Mot. to Remand at 2-7.

Massachusetts courts have been inconsistent as to whether §66 confers rights on employees. Compare Rose v. Franklin Surety Co., 183 N.E. 918, 919 (Mass. 1933) (stating that §66 "in terms confers no rights on the employee but deprives the employer of defences to a law action which he would otherwise

6

have had"), with Brown v. Leighton, 434 N.E.2d 176, 180 (Mass. 1982) (citing M.G.L. c. 152, §66 to note that "[t]he [Workmen's Compensation] Act creates a right of action for an employee against an uninsured employer to recover for injuries occurring during the course of employment regardless of fault"), and Certain Interested Underwriters v. Stolberg, 680 F.3d 61, 67 (1st Cir. 2012) (stating that §§ 66 and 67 "authoriz[e] [a] private action in tort against employer who has failed to maintain the required workers' compensation insurance").

While these cases did not address whether removal of a §66 claim is proper, they show that Massachusetts law is not clear as to whether §66 creates a cause of action. All doubts must be resolved in favor of remand. See In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d at 327. Therefore, the case is being remanded. However, if a Massachusetts court decides that §66 does not create Doe's cause of action, Access may again remove this case to federal court.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's Motion to Remand (Docket No. 15) is ALLOWED.

2. The defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration (Docket No. 12) is MOOT.

                                                                               /s/ Mark L. Wolf
                                                          UNITED STATES DISTRICT JUDGE